Judge Lane
delivered the opinion of the court:
The question arising in this case is, whether the right of action upon a covenant of warranty annexed to a conveyance in fee, passes to one who holds but an estate for life in the land. It is no subject of doubt that an assignee is entitled to the benefits of all covenants running with the land. 3 Ohio, 219; 5 Ohio, 156. Nor is it doubted where a covenant running with the land is divisible in its nature, as if the entire interest of separate parts of land pass to different individuals, that a right of action accrues to each party, to recover his proportion of the warranty. 1 Paige Ch. 455; 2 Paige Ch. 78; Touchstone, 199; Co. Lit. 385, 386. But a plain distinction is made between the holder of a part of the land, and the holder of a part of the estate; the former may vouch as assignee, or bring warrantia chartce; the latter has the benefit of the warranty by aid prayer, or by the voucher of him who holds the remainder. Co. Lit. 385, a; 4 Dane, 51; Wood’s Conveyancing, 373. The same distinction is carried into the modern action of covenant. The assignee, upon whom is cast the benefit or the obligation of covenants, is he who holds the whole estate or term. Doug. 183;. 1 East, 502. These principles settle the present suit. The plaintiff could not vouch as assignee, nor have warrantia chartce under the ancient law, nor can she sustain an action of covenant, because she does not hold the whole estate. The right of action on the warranty passes to the heirs, and her remedy is by a new assignment of dower. Judgment for defendant.